By the Court.
Frederick W. Lockoman, William Lockoman and Philip Yarnell, defendants in error, filed their petition in the office of the auditors of Henry and Fulton counties, addressed to the joint board of county commissioners of those counties, praying for the location and construction of a joint county ditch on a route and terminus described, andrepresenting that they were the owners of lands and lots which would be affected by the improvement asked for; that the improvement was necessary to drain and reclaim the lots or lands along the line thereof and adjacent thereto, and that such improvement would be conducive to the public health, convenience and welfare.
On appeal to the probate court by John H. Williams, the plaintiff in error, from the order and finding of the joint board of commissioners determining that the proposed ditcb was necessary, and would be conducive to the public health, convenience and welfare, the probate court charged the jury as follows:
“You were ordered to view the premises along the whole route. This was for the purpose of enabling you better to *417 determine the questions in this case, and to apply your own judgment in regard to them, as well as to better understand the evidence given, and in making up your verdict you will consider both the facts appearing to you from the view of the premises and the evidence adduced.”
The court of common pleas reversed the judgment of the probate court. The circuit court reversed the judgment of the common pleas, and affirmed the proceedings and judgment of the probate court, and found as the law of the case, that the jury in the probate court upon the trial of the issues of the case therein, might and should take its view of the premises as evidence, in determining the question as to whether the proposed ditch would be conducive to the public health, convenience or welfare.
The county commissioners are required by section 4452 of the Revised Statutes, to take to their assistance a competent surveyor or engineer, if, in their opinion, his services are necessary, and at once proceed to view the line of the proposed improvement, and determine by actual view of the premises along and adjacent thereto, whether the improvement is necessary, or will be conducive to the public health, convenience or welfare.
By section 4463 of the Revised Statutes, an appeal may be taken from a final order or judgment of the commissioners, determining whether the ditch will be conducive to the public health, convenience or welfare.
And on appeal to the probate court, it is provided by section 4467 of the Revised Statutes that “ The probate judge shall administer to the jurors an oath, faithfully, impartially, and to the best of their ability, and from actual view of the premises along the whole route of the improvement, to examine and determine the particular matters appealed from, and to render a true verdict according to the facts appearing to them from actual view of the premises, and the evidence, under the charge of the court.”
The provisions of section 4467 manifestly contemplate, that by an actual view of the premises, the jury shall be enabled not *418 only the better to apply the testimony disclosed at the trial, but shall also be aided by their personal knowledge of the facts as derived from an actual view of the premises, in examining and determining the particular matters appealed from, which, in the present case, embrace the order and finding of the joint board of commissioner’s, that the proposed ditch was necessary, and conducive to the public health, convenience and welfare.

Judgment affirmed.